UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

REINIER RAMON AZAHARES
GUTIERREZ,

        Petitioner,

  v.                           Case No.:  2:26-cv-00214-SPC-DNF

KRISTI NOEM *et al.*,

        Respondents,

                                     /

## OPINION AND ORDER

Before the Court are Reinier Ramon Azahares Gutierrez's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 6), and Azahares Gutierrez's reply (Doc. 7). For the below reasons, the Court grants the petition.

Azahares Gutierrez is a native and citizen of Cuba who entered the United States on December 7, 2021. Border Patrol apprehended him, issued a notice to appear, and released him on his own recognizance. The notice to appear was not filed with the Executive Office of Immigration Review, so removal proceedings were not initiated. Azahares Gutierrez now lives in Florida with his partner and two young children, and he has a pending claim for asylum. On December 30, 2025, Azahares Gutierrez was arrested for driving with a revoked or suspended license and transferred to the custody of

Immigration and Customs Enforcement ("ICE"). At a custody redetermination hearing, an immigration judge found she lacked jurisdiction to consider release on bond due to *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025). Azahares Gutierrez is currently detained at Alligator Alcatraz without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Azahares Gutierrez. The distinction matters because § 1225(b) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Azahares Gutierrez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

2

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Azahares Gutierrez's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Azahares Gutierrez has a right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).[1]

The respondents also argue § 1252(a)(2)(A) strips the Court of jurisdiction because DHS has designated him for expedited removal. § 1252(a)(2)(A) bars the Court from hearing certain claims relating to expedited removal, but it does not bar this action. First, Azahares Gutierrez does not fall within the scope of the expedited removal provision because he was paroled into the United States and has been present in the country for more than two years. *See* 8 U.S.C. § 1225(b)(1)(A). Thus, § 1225(b)(1) is not a lawful basis for

---

[1] The Court acknowledges the Fifth Circuit's decision in *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. 2026), which agreed with the government's interpretation of the INA. The decision is not binding here, and it contradicts the vast majority of district court opinions addressing the issue. The Court respectfully disagrees with the majority's reasoning and finds Judge Douglas's dissent more persuasive. And a circuit split is likely. In a preliminary decision, the Seventh Circuit considered the government's position on the scope of § 1225(b)(2) and found it unlikely to succeed on the merits. *See Castanon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1060-63 (7th Cir. 2025).

detention here.  Second, Azahares Gutierrez is challenging the legality of his detention, not the legality of a removal proceeding.  He acknowledges the government's authority to pursue removal proceedings against him, and he does not ask this Court to interfere with removal.  His claims fall squarely within this Court's habeas authority.

The Court will order the respondents to either bring Azahares Gutierrez before an immigration judge for an individualized bond hearing or release him within ten days.  The Court is aware that the Executive Office for Immigration Review is the agency that schedules bond hearings.  To be clear, subjecting Azahares Gutierrez to mandatory detention under § 1225(b)(1) or (b)(2) is unlawful.  If the respondents are unable to ensure Azahares Gutierrez receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Reinier Ramon Azahares Gutierrez's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

(1)     Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Azahares Gutierrez for an individualized bond hearing before an immigration judge or (2) release Azahares Gutierrez under reasonable conditions of supervision.  If the respondents release Azahares Gutierrez, they

shall facilitate his transportation from the detention facility by notifying his counsel when and where he may be collected.

(2)　　The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 18, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1

5